**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RONJI JENKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14584** |
| **JEFFERSON PARISH DISTRICT** | **SECTION "G" (4)** |
| **ATTORNEY MATTHEW R. CLAUSS, ET AL** | |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.

On November 3, 2016, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by telephone conference call.[2]

I.     **Factual and Procedural Background**

A.     **Complaint**

The plaintiff, Ronji Jenkins ("Jenkins"), is an inmate housed at the Jefferson Parish Correctional Center at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Jenkins filed this complaint against Jefferson Parish District Attorney Matthew Clauss, Detective Donald Zanotelli, and Detective Gabirel Fuacetta for racial profiling, defamation of character, and wrongful arrest.

Jenkins alleges he has been wrongfully arrested. R. Doc. 5, p. 4. Jenkins states that he has provided written and recorded apologies from his accuser to the District Attorney, who refuses to

---

[1] 766 F.2d 179 (5th Cir. 1985).

[2] R. Doc. No. 8. The plaintiff was sworn prior to testifying.

drop the charges. *Id.* at p. 4-6. Jenkins further states that his arrest was the result of racial profiling and has resulted in defamation of his character, emotional and physical distress, and loss of wages. Additionally, Jenkins states that a physical abnormality has developed on his back as a result of the stress of the situation. *Id.* at p. 6. Jenkins seeks apologies from the detectives, the District Attorney, and Sheriff Newell Norman; the firing of the Detectives and the District Attorney; and compensation and damages for the physical abnormality, the pain and suffering, lost wages, and the emotional and physical distress. *Id.* at p. 5.

### B.    *Spears* **Hearing**

On November 3, 2016, a *Spears* Hearing was conducted. Jenkins was sworn in and testified to the following:

Jenkins stated that he has been charged with witness intimidation and another charge related to the operation of his girlfriend's vehicle. Jenkins stated that these charges stemmed from his girlfriend reporting the vehicle missing to police around December 16, 2015 when she became upset that Jenkins was having an affair with another women. Jenkins stated that he was later arrested for witness intimidation in early January 2016.

Jenkins stated that his girlfriend informed his previous attorney that there was no factual basis for the charges. He further stated that the assistant district attorney was informed of this as well. However, he stated that the district attorney told his previous attorney that the charges will not be dropped because Jenkins is a threat to society.

Jenkins further explained that the charges are not being dropped because of a grudge the detectives and the district attorney hold against him for things that happened in the past that they could not get him on. Jenkins acknowledged that he has had run-ins with that law quite a bit since 2009. In at least one of these interactions, he stated that he had an interactions with at least one of

the detectives named in this case during a 2013 search warrant which ultimately did not produce any evidence. Jenkins further acknowledged that he went to jail in 2014 for drug-related charges and served 10 months for that conviction at David Wade Correctional. He was released on October 23, 2015.

For the current charges pending against him, Jenkins stated that he is still awaiting trial. He stated that he was scheduled for a status hearing on November 14, 2016.

## II.   <u>Standard of Review for Frivolousness</u>

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.   The Court has broad discretion in determining the frivolous nature of the complaint.   *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).   However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).   A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).   It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.   *Reeves v. Collins*, 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Analysis

#### A.   Claims Against District Attorney Matthew Clauss

Jenkins has named Matthew Clauss in this action for failure to drop the charges filed against Jenkins. However, given Clauss's roles as the assistant district attorney in this action, Jenkins's claims against Clauss should be dismissed.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case." *Mays*, 97 F.3d at 110. In other words, immunity attaches to particular official's functions, not to the particular office he or she holds. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Jenkins's claims against Clauss are intimately associated with his role in the bringing of charges and the criminal court process. His challenge is to the prosecution's decision to pursue the

charges against him. Clauss is entitled to absolute immunity from suit for his role in prosecuting the charges against Jenkins.   The claim against this defendant in his individual capacity must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

However, to the extent Jenkins names Clauss in his official capacity in the District Attorney's office, his claims are frivolous.   A suit against a prosecutor named in his or her official capacity is suit against the entity he or she represents; in this case, that is the Jefferson Parish District Attorney's Office. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999);[1] *see also Kentucky v. Graham*, 473 U.S. 473 U.S. 159, 165 (1985).   An assistant district attorney, as a representative of the Parish, could be liable under § 1983 only if his/her actions were in execution of an unconstitutional Parish policy or custom which inflicted injury or damage upon the plaintiff.   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).   Jenkins would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage.   *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Here, Jenkins has not identified any Parish policy or custom. *See Monell,* 436 U.S. at 659. Therefore, to the extent that Jenkins has attempted to make claims against Clauss in his official capacity, the claims against this defendant in his official capacity must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

---

[1]In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State.   Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell*, discussed *infra*.   *Id.*

**B.**      _**Heck**_ **Bars the Claims Against All Defendants**

Jenkins alleges that all of the defendants violated his rights by wrongfully arresting him using racial profiling, and thereby, defaming Jenkin's character and causing him emotional and physical distress. Jenkin's complaint invokes the Court's jurisdiction under 42 U.S.C. § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."   42 U.S.C. § 1983.   The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in certain instances.

Pursuant to _Heck v. Humphrey_, 512 U.S. 477 (1994), the Supreme Court stated that in order to recover damages or other forms of relief for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" under 28 U.S.C. § 2254.   _Heck,_ 512 U.S. at 486-487; see also _Boyd v. Biggers_, 31 F.3d 279 (5th Cir.1994).

In _Heck_, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. _Heck,_ 512 U.S. at 486-487_; Hudson v. Hughes_, 98 F.3d 868, 872 (5th Cir.1996). This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are still outstanding. See _Hudson_, 98 F.3d at 872; 512 U.S. at 484-85. Before a plaintiff may proceed under § 1983 on claims challenging a criminal conviction or proceeding, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."*Heck*, 512 U.S. at 486-87; *see also Jackson*, 49 F.3d at 177; *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). *See also Green v. Dist. Attr's Office,* No. 08-3685, 2009 WL 651132 (E.D. La. Mar. 10, 2009).

The same concern was later considered in the context of a pretrial detainee in *Mackey v. Dickson,* 47 F.3d 744 (5th Cir.1995). The *Mackey* court instructed that, in the case of a pretrial detainee, if it is premature to determine whether the § 1983 claims for damages are barred by *Heck,* the district court could stay the proceedings until the pending case has run its course and the Court can determine the relationship between the claim and the ultimate conviction. *Mackey,* 47 F.3d at 746.

Jenkins's claims of wrongful arrest against Detectives Zanotelli and Fuacetta would undoubtedly call into question the charges brought against him. *See Bush v. Strain*, 2004 WL 1158038, at *2-4 (E.D. La. May 24, 2004) ("If the Court were to grant plaintiff damages for the alleged false arrest under the facts of this case, such ruling would necessarily implicate the validity of any potential conviction. . ."). However, because Jenkin's charges are still pending, *Heck* does not yet apply or stand to bar Jenkins's claims while in this posture.  *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (holding that *Heck* does not bar "an action which would impugn an anticipated future conviction."). Nevertheless, the United States Supreme Court has made clear that federal courts need not proceed with cases in which a *Heck* problem <u>may</u> ultimately arise.  Rather, the Supreme Court has explained that, when a plaintiff files a claim related to rulings that will be made in an anticipated criminal trial, the District Court must stay the civil action until the criminal case is ended.  *Id*. 549 U.S. at 393, 94; *see also*, *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). The Court directed that if the plaintiff is ultimately convicted, the *Heck* bar would require

dismissal; if he is not, the District Court can proceed with the civil action, absent some other bar to suit.  *Id.* 549 U.S. at 393-94.

Under that reasoning, Jenkins's wrongful arrest claims must be stayed until such time as his state criminal proceedings are concluded.  *See Wilson v. Dailey*, No. 11-117, 2011 WL 2637183, at *2 (E.D. La. Jul. 06, 2011).   For the foregoing reasons, Jenkins's claims in connection with his arrest against defendants, Clauss, Zanotelli, and Faucetta, must be stayed pending the outcome of his criminal proceedings.

**IV.   Recommendation**

It is therefore **RECOMMENDED** that Ronji Jenkins's § 1983 claims against Matthew R. Clauss for pursuing the prosecution of Jenkins be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Ronji Jenkins's § 1983 claims for wrongful arrest by the defendants, Donald Zanotelli, Gabriel Fuacetta, and Matthew R. Clauss be **STAYED** and **ADMINISTRATIVELY CLOSED** for statistical purposes until such time as Jenkins's state criminal charges have ended.

It is further **RECOMMENDED** that the Court order the plaintiff to move to reopen the matter within thirty (30) days following resolution of his state felony criminal charges, including any direct appeal or immediate supervisory review, and include notification to the Court in writing whether Jenkins was convicted or acquitted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 18th day of November, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.